UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

NORTH CAROLINA MOTORCOACH
ASSOCIATION, on behalf of its
members; McGILL INCORPORATED,
d/b/a Carolina American Tours,
              *Plaintiffs-Appellants,*

v.

THE NORTH CAROLINA STATE
BOARD OF EDUCATION; DEREK
GRAHAM, individually and in his
official capacity as an employee of
the North Carolina Department of
Public Instruction, a subdivision of
the North Carolina State Board of
Education,
              *Defendants-Appellees.*

No. 03-1621

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-02-75)

Argued: June 3, 2004

Decided: July 1, 2004

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Maria Catherine Papoulias, WILSON & ISEMAN, Winston-Salem, North Carolina, for Appellants. Katherine Connolly Galvin, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF:** G. Gray Wilson, Tamura D. Coffey, Paul J. Smith, WILSON & ISEMAN, Winston-Salem, North Carolina, for Appellants. Roy Cooper, North Carolina Attorney General, Laura E. Crumpler, Assistant Attorney General, Joyce S. Rutledge, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

A motorcoach trade association and one of its members commenced this action to challenge the constitutionality of a set of guidelines that the North Carolina Board of Education recommended to its public schools for following when hiring motorcoaches for the transportation of their students. The plaintiffs also contend that an employee of the Board of Education defamed them in commenting about the need for the guidelines. The district court dismissed the complaint for lack of standing to challenge the constitutionality of the guidelines and for failure to state a claim for defamation. We affirm.

Plaintiff North Carolina Motorcoach Association ("Motorcoach Association") is a trade association composed primarily of motorcoach operators, and plaintiff McGill, Inc. d/b/a/ Carolina American Tours, a member of the Motorcoach Association, engages in the business of operating motorcoaches for hire. Over the years, the Motorcoach Association's members have contracted with public schools to provide pupil transportation for field trips and other such events.

Defendant North Carolina Board of Education ("the Board") is responsible for regulating transportation for public schools, *see* N.C. Gen. Stat. § 115C-12(17), and defendant Derek Graham directs transportation services for the Board. In June 2000, the Board formed the "School Charter Transportation Safety Committee," on which the Motorcoach Association served as a member, to formulate guidelines on how to ensure the safe transportation of students. Before the Safety Committee completed its work, however, in April 2001, a charter bus carrying students from a North Carolina school crashed, seriously injuring several students. Defendant Graham responded to the incident with an article in a newsletter published by the Board, the North Carolina Pupil Transportation Reporter, in which Graham called for schools to learn more about safety standards for motor coaches. He also wrote:

> Most people probably do not realize that these motor coaches do not meet all of the safety standards required of school buses. These coaches are massive and would seem to be, at first glance, at least as safe as a school bus or activity bus. Those of us in pupil transportation know better.

A few months after the crash, the Safety Committee issued a set of "Recommended Guidelines and Procedures" for use by the public school systems in North Carolina.

The Guidelines proposed a three-step process for public school systems to follow in hiring a charter bus company. *First*, the schools would, under the Guidelines, conduct background checks of motor carriers in order to compose a list of approved carriers. *Second*, the schools would sign a contract for the trip that includes certain standard items. *Third*, the schools would conduct a review immediately before the trip, confirming the emergency contact information, examining the driver's log book to make sure the driver is rested, and doing a basic inspection of the vehicle.

The plaintiffs commenced this action in February 2002, alleging that the Guidelines are unconstitutional in that they violate the Commerce and Supremacy Clauses of the U.S. Constitution. Although the Guidelines were marked "Recommended," the plaintiffs alleged that the Guidelines were meant to have the force of a rule or regulation

and that the local school systems took them as such. The plaintiffs acknowledged, however, that at least some "school systems failed to adopt any standards or procedures for chartering private motor carriers." The plaintiffs sued defendant Graham for defamation, appending the newsletter in which he distinguished the safety standards for motorcoaches from those for school buses. The defendants moved to dismiss the plaintiffs' claims.

The district court granted the defendants' motion to dismiss. In finding that the plaintiffs lacked standing to challenge the constitutionality of the Guidelines, the district court began by stating the three requirements for standing: (1) injury in fact, (2) a causal connection between the injury and the defendants' conduct, and (3) a showing that the requested relief would likely redress the injury. *See Lujan v. Nat'l Wildlife Fed'n*, 504 U.S. 555, 560 (1992). Without determining whether the plaintiffs had suffered injury in fact, the district court concluded that they had failed to meet the other two prongs of the standing test. Noting that the Guidelines were merely recommended, not required, and that several school districts had declined to adopt the Guidelines, the district court held that the plaintiffs' supposed injury was not caused by the Board's conduct in enacting the Guidelines and could not be redressed by forcing the Board to rescind them:

> This court's direction to the Board regarding the guidelines would have no effect whatsoever on the likelihood that the school systems would discontinue use of such guidelines . . . . [W]ith or without the guidelines, each school system remains free to take trips or not; to contract with any motor carrier it wishes or not; to accept or decline a bid from a particular operator member of NCMA; or to adopt guidelines similar to or more stringent than those offered by the Board's Committee in June 2001.

The court therefore dismissed the plaintiffs' constitutional claims for lack of standing.

As to the defamation claim, the district court held that the quotation from defendant Graham's newsletter article comparing safety standards for motorcoaches to those for school buses did not defame the plaintiffs. Because defendant Graham was writing about motor-

coaches generally, not about the plaintiffs in particular, his statements did not have a "single, unambiguous meaning that tend[ed] to impeach" the plaintiffs' professional reputation. *See Martin Marietta Corp. v. Wake Stone Corp.*, 432 S.E.2d 428, 433 (N.C. Ct. App. 1993). Furthermore, the court noted, "various provisions of the Federal Motor Vehicle Safety Standards, Title 49, Part 571, require safety features for school buses in excess of and different from those required for regular buses and motorcoaches" — facts that substantiate Graham's statements. The court accordingly granted the defendants' motion to dismiss for failure to state a claim upon which relief could be granted.

On appeal, we have reviewed the record carefully and considered the arguments of counsel made in their briefs and at oral argument. For the reasons fully set forth by the district court in *North Carolina Motorcoach Association v. North Carolina State Board of Education*, Civil Action No. 5:02-CV-75-BR(3) (W.D.N.C. Apr. 17, 2003), we affirm the judgment of the district court.

*AFFIRMED*